UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL J. BOOTH, CDCR #G-27872,<br><br>Plaintiff,<br>v.<br><br>GEORGE NEOTTI, Warden; JOHN DOE #1, Correctional Officer; JOHN DOE #2, 2nd Watch Correctional Sergeant, Fac. 2, Bldg. 8 on June 22, 2009; JOHN DOE #3, 2nd Watch Correctional Sergeant, Fac. 2, Bldg. 8 on June 26, 2009; R. BOLDING, Correctional Officer; T. ARMSTEAD, Correctional Officer,<br><br>Defendants. | Civil No. 10-CV-1236 WQH (NLS)<br><br>**REPORT AND RECOMMENDATION TO GRANT MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>[Doc. No. 35.] |

On June 7, 2010, Michael J. Booth ("Plaintiff"), then a prisoner confined in the California Rehabilitation Center in Norco, California, filed this civil rights action pursuant to the Civil Rights Act, 42 U.S.C. § 1983. [Doc. No. 1.] On October 15, 2010, Plaintiff filed a First Amended Complaint ("FAC"). [Doc. No. 15.] Plaintiff contends, that while incarcerated in Richard J. Donovan Correctional Facility ("RJD"), Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by placing Plaintiff, an openly gay man, in a cell with an inmate known to commit acts of violence against openly gay inmates. *See* FAC ¶¶ 34-66. Plaintiff also raises claims of simple negligence and intentional infliction of emotional distress. *See* FAC ¶¶ 67-103.

Plaintiff now seeks leave to amend his FAC to include information recently obtained through

document production and deposition testimony. (Motion to Amend Complaint ("Mot.") at 1.) Specifically, Plaintiff seeks to name proper defendants not previously named in the FAC, dismiss the alleged intentional infliction of emotional distress claims, and add the claim of negligent infliction of emotional distress against all defendants. (*Id.*) Defendants do not oppose Plaintiff's motion. (Mot. at 2); Dalton Decl. ¶ 2. After reviewing the applicable legal standards, the Court **RECOMMENDS** granting Plaintiff's Motion for Leave to Amend Complaint.

## I. LEGAL STANDARDS

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks and citation omitted). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

## II. DISCUSSION

Plaintiff seeks to amend his FAC following information obtained from the recent deposition of Defendant George Neotti, the warden of RJD at the time of the incidents giving rise to this litigation. (Mot. at 4, 6.) Mr. Neotti's deposition was originally scheduled for October 31, 2011, but, because of Mr. Neotti's unavailability, did not occur until February 8, 2012. (*Id.* at 6.) Plaintiff claims Mr. Neotti provided key information in his deposition, including names of previously unidentified personnel responsible for the alleged Eighth Amendment violations. (*Id.* at 4.)

Defendants do not oppose the motion, and will suffer little prejudice should Plaintiff be permitted to amend his FAC. Indeed, the case is in its early stages, and ample time exists for Defendants to counter any new claims. Further, Defendants were likely already aware of the information Mr. Neotti shared in the deposition.

Additionally, the court does not find bad faith, undue delay, or futility of amendment here. The only factor weighing against Plaintiff is that he has already previously amended his complaint; yet, this alone does not tip the scales in favor of denying Plaintiff's motion.

The Court finds that Plaintiff should be granted leave to amend, as justice so requires.

///

## III. CONCLUSION

Based on the preceding discussion, this Court **RECOMMENDS** that Plaintiff's Motion for Leave to Amend Complaint [Doc. No. 35] be **GRANTED**.

This Report and Recommendation is submitted to the United States district judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before **April 9, 2012**. The document should be captioned "Objections to Report and Recommendation." Any response to the objections shall be filed and served on or before **April 16, 2012**.

Failure to file objections within the specified time may affect the scope of review on appeal. *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: March 26, 2012

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court