KAMALA D. HARRIS
Attorney General of California
MICHELLE DES JARDINS
Supervising Deputy Attorney General
TERRENCE F. SHEEHY
Deputy Attorney General
State Bar No. 203986
 110 West A Street, Suite 1100
 San Diego, CA 92101
 P.O. Box 85266
 San Diego, CA 92186-5266
 Telephone:  (619) 645-2618
 Fax:  (619) 645-2581
 E-mail:  Terrence.Sheehy@doj.ca.gov
*Attorneys for Defendants*
*T. Armstead, G. Neotti, and R. Bolding*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL J. BOOTH,** | 10-CV-01236-WQH-NLS |
| Plaintiff, | **ANSWER TO THE SECOND AMENDED COMPLAINT AND JURY DEMAND** |
| v. | |
| **G. NEOTTI, et al.,** | |
| Defendants. | |

**I.**

**INTRODUCTION**

1.      As an answer to paragraph 1 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that Defendant Neotti was the warden of Richard J. Donovan Correctional Facility (RJD), and that Defendants Armstead and Bolding were correctional officers at RJD during the time alleged in the Second Amended Complaint.  Defendants deny that they violated any of Plaintiff's civil rights, or that they were negligent in their duties or obligations toward Plaintiff.  Defendants deny that Plaintiff is entitled to injunctive or declaratory relief, or compensatory or punitive damages from Defendants Neotti, Armstead, and Bolding.

**II.**

**JURISDICTION AND VENUE**

2.      As an answer to paragraph 2 of the Second Amended Complaint, paragraph 2 of the Second Amended Complaint fails to state any factual allegations and for that reason does not call for an admission or denial.  Notwithstanding, Defendants Neotti, Armstead, and Bolding deny that they violated any of Plaintiff's Eighth Amendment rights.

3.      As an answer to paragraph 3 of the Second Amended Complaint, paragraph 3 of the Second Amended Complaint fails to state any factual allegations and for that reason does not call for an admission or denial.  Notwithstanding, Defendants Neotti, Armstead, and Bolding deny that they were negligent in their duties or obligations toward Plaintiff.

4.      As an answer to paragraph 4 of the Second Amended Complaint, paragraph 4 of the Second Amended Complaint fails to state any factual allegations and for that reason does not call for an admission or denial.  Notwithstanding, Defendants Neotti, Armstead, and Bolding deny that they intentionally inflicted emotional distress upon Plaintiff.

5.      As an answer to paragraph 5 of the Second Amended Complaint, paragraph 5 of the Second Amended Complaint fails to state any factual allegations and for that reason does not call for an admission or denial.  Notwithstanding, Defendants Neotti, Armstead, and Bolding deny that Plaintiff is entitled to declaratory relief.

//

1

6.     As an answer to paragraph 6 of the Second Amended Complaint, paragraph 6 of the Second Amended Complaint fails to state any factual allegations and for that reason does not call for an admission or denial.  Notwithstanding, Defendants Neotti, Armstead, and Bolding deny that they violated any of Plaintiff's civil rights or were negligent in their duties toward Plaintiff. Defendants Neotti, Armstead, and Bolding deny that Plaintiff is entitled to monetary or injunctive relief.

**III.**

**PARTIES**

7.     For an answer to paragraph 7 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that Plaintiff was incarcerated by the California Department of Corrections and Rehabilitation (CDCR) during the time period alleged in the complaint. Defendants deny that Plaintiff is currently confined in the California Rehabilitation Center in Norco, California.

8.     For an answer to paragraph 8 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 8 of the Second Amended Complaint.

9.     For an answer to paragraph 9 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 9 of the Second Amended Complaint.

10.     For an answer to paragraph 10 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 10 of the Second Amended Complaint.

11.     For an answer to paragraph 11 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 11 of the Second Amended Complaint.

12.     For an answer to paragraph 12 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 12 of the Second Amended Complaint.

13.     For an answer to paragraph 13 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that R. Cobb was a Correctional Counselor II at R.J.D.

2

prison during the time period alleged in the Second Amended Complaint. Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the remaining allegations in paragraph 13 of the Second Amended Complaint, and on that basis deny those allegations.

14.    For an answer to paragraph 14 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that W. Raupe was a Correctional Counselor II at R.J.D. prison during the time period alleged in the Second Amended Complaint. Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the remaining allegations in paragraph 14 of the Second Amended Complaint, and on that basis deny those allegations.

15.    For an answer to paragraph 15 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 15 of the Second Amended Complaint.

16.    For an answer to paragraph 16 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 16 of the Second Amended Complaint.

**IV.**

**FACTUAL ALLEGATIONS**

17.    For an answer to paragraph 17 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 17 of the Second Amended Complaint.

18.    For an answer to paragraph 18 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that Shoemake was placed in the administrative segregation unit of Richard J. Donovan prison on December 13, 2008, as a result of his assault on an inmate, which resulted in Shoemake being charged with Battery on an Inmate. Defendants Neotti, Armstead, and Bolding deny the remaining allegations in paragraph 18 of the Second Amended Complaint.

//

19.    For an answer to paragraph 19 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that Shoemake was involved in an altercation with his cell mate on June 15, 2009 and was charged with Battery on an Inmate with Injury Requiring the Use of Force.  Defendants Neotti, Armstead, and Bolding deny the remaining allegations in paragraph 19 of the Second Amended Complaint.

20.    For an answer to paragraph 20 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 20 of the Second Amended Complaint.

21.    For an answer to paragraph 21 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 21 of the Second Amended Complaint.

22.    For an answer to paragraph 22 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny that Shoemake assaulted his cell mate on June 15, 2009, as Shoemake was ultimately found guilty of fighting with his cell mate.  Based on the argumentative statement in paragraph 22 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 22 of the Second Amended Complaint.

23.    For an answer to paragraph 23 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 23 of the Second Amended Complaint.

24.    For an answer to paragraph 24 of the Second Amended Complaint, Defendants lack sufficient information or belief upon which to admit or deny the allegations in paragraph 24 of the Second Amended Complaint, and on that basis deny those allegations.

25.    For an answer to paragraph 25 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 25 of the Second Amended Complaint.

26.    For an answer to paragraph 26 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny that Shoemake assaulted his cell mate on June 15, 2009, as Shoemake was ultimately found guilty of fighting with his cell mate.  Defendants Neotti,

4

Armstead, and Bolding admit that R.J.D. policy required correctional staff to ensure that Shoemake was scheduled for an ICC review at the next available ICC hearing following his June 15, 2009 incident.  Defendants Neotti, Armstead, and Bolding admit that an ICC hearing was held at R.J.D. on June 24, 2009.  Defendants Neotti, Armstead, and Bolding deny the remaining allegation in paragraph 26 of the Second Amended Complaint.

27.   For an answer to paragraph 27 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 27 of the Second Amended Complaint.

28.   For an answer to paragraph 28 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 28 of the Second Amended Complaint.

29.   For an answer to paragraph 29 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 29 of the Second Amended Complaint.

30.   For an answer to paragraph 30 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 30 of the Second Amended Complaint.

31.   For an answer to paragraph 31 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 31 of the Second Amended Complaint.

32.   For an answer to paragraph 32 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 32 of the Second Amended Complaint.

33.   For an answer to paragraph 33 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 33 of the Second Amended Complaint.

//

//

34.     For an answer to paragraph 34 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 34 of the Second Amended Complaint.

35.     For an answer to paragraph 35 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 35 of the Second Amended Complaint.

36.     For an answer to paragraph 36 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 36 of the Second Amended Complaint.

37.     For an answer to paragraph 37 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 37 of the Second Amended Complaint.

38.     For an answer to paragraph 38 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 80 of the Second Amended Complaint.

## V.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

39.     For an answer to paragraph 39 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 39 of the Second Amended Complaint.

40.     For an answer to paragraph 40 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 40 of the Second Amended Complaint.

//

//

//

//

//

6

# VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**(42 U.S.C. § 1983, Eighth Amendment to the U.S. Constitution)**

**(Booth v. Armstead, Bolding)**

41. Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 41, inclusive, by reference herein.

42. For an answer to paragraph 42 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 42 of the Second Amended Complaint.

43. For an answer to paragraph 43 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 43 of the Second Amended Complaint.

44. For an answer to paragraph 44 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 44 of the Second Amended Complaint.

45. For an answer to paragraph 45 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 45 of the Second Amended Complaint.

46. For an answer to paragraph 46 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 46 of the Second Amended Complaint.

47. For an answer to paragraph 47 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 47 of the Second Amended Complaint.

48. For an answer to paragraph 48 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 48 of the Second Amended Complaint.

7

49.   For an answer to paragraph 49 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 49 of the Second Amended Complaint.

50.   For an answer to paragraph 50 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that Defendants Armstead and Bolding acted under the color of law in performing their official duties at R.J.D.   Defendants Neotti, Armstead, and Bolding deny the remaining allegations in paragraph 50 of the Second Amended Complaint.

51.   For an answer to paragraph 51 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 51 of the Second Amended Complaint.

## SECOND CAUSE OF ACTION

### (Negligence, Negligence per se, CAL. GOV'T CODE §§ 820.8; 844.6(d))

### (Booth v. Neotti)

52.   Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 52, inclusive, by reference herein.

53.   For an answer to paragraph 53 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that Plaintiff was in the custody of Defendant Neotti during the time period alleged in the Second Amended Complaint.   Defendants Neotti, Armstead, and Bolding deny the remaining allegations in paragraph 53 of the Second Amended Complaint.

54.   For an answer to paragraph 54 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit the allegations in paragraph 54 of the Second Amended Complaint.

55.   For an answer to paragraph 55 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that Defendant Neotti had the authority to protect vulnerable inmates.   Defendants Neotti, Armstead, and Bolding deny that Plaintiff was vulnerable to assault or that there was an obvious risk that he would be assaulted in Ad Seg.   Defendants deny the remaining allegations in paragraph 55 of the Second Amended Complaint.

//

8

56.     For an answer to paragraph 56 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 56 of the Second Amended Complaint.

57.     For an answer to paragraph 57 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 57 of the Second Amended Complaint.

58.     For an answer to paragraph 58 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 58 of the Second Amended Complaint.

59.     For an answer to paragraph 59 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 59 of the Second Amended Complaint.

60.     For an answer to paragraph 60 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 60 of the Second Amended Complaint.

## THIRD CAUSE OF ACTION

### (Negligence, Negligence per se, CAL. GOV'T CODE §§ 820.8; 844.6(d))

### (Booth v. Cota)

61.     Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 61 inclusive, by reference herein.

62.     For an answer to paragraph 62 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 62 of the Second Amended Complaint, and on that basis deny those allegations.

63.     For an answer to paragraph 63 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 63 of the Second Amended Complaint, and on that basis deny those allegations.

64.    For an answer to paragraph 64 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 64 of the Second Amended Complaint, and on that basis deny those allegations.

65.    For an answer to paragraph 65 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 65 of the Second Amended Complaint, and on that basis deny those allegations.

66.    For an answer to paragraph 66 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 66 of the Second Amended Complaint, and on that basis deny those allegations.

67.    For an answer to paragraph 67 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 67 of the Second Amended Complaint, and on that basis deny those allegations.

68.    For an answer to paragraph 68 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny that Shoemake raped Plaintiff.    Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the remaining allegations in paragraph 68 of the Second Amended Complaint, and on that basis deny those allegations.

69.    For an answer to paragraph 69 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 69 of the Second Amended Complaint, and on that basis deny those allegations.

//

//

//

10

## FOURTH CAUSE OF ACTION

### (Negligence, Negligence per se, CAL. GOV'T CODE §§ 820.8; 844.6(d))

### (Booth v. Kabban-Miller)

70.     Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 69 inclusive, by reference herein.

71.     For an answer to paragraph 71 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 71 of the Second Amended Complaint, and on that basis deny those allegations.

72.     For an answer to paragraph 72 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 72 of the Second Amended Complaint, and on that basis deny those allegations.

73.     For an answer to paragraph 73 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 73 of the Second Amended Complaint, and on that basis deny those allegations.

74.     For an answer to paragraph 74 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 74 of the Second Amended Complaint, and on that basis deny those allegations.

75.     For an answer to paragraph 75 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 75 of the Second Amended Complaint, and on that basis deny those allegations.

76.     For an answer to paragraph 76 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny

//

11

the allegations in paragraph 76 of the Second Amended Complaint, and on that basis deny those allegations.

77.   For an answer to paragraph 77 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny that Shoemake raped Plaintiff.   Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the remaining allegations in paragraph 77 of the Second Amended Complaint, and on that basis deny those allegations.

78.   For an answer to paragraph 75 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 75 of the Second Amended Complaint, and on that basis deny those allegations.

## FIFTH CAUSE OF ACTION

### (Negligence, Negligence per se, CAL. GOV'T CODE §§ 820.8; 844.6(d))

### (Booth v. Pittman)

79.   Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 78 inclusive, by reference herein.

80.   For an answer to paragraph 80 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 80 of the Second Amended Complaint, and on that basis deny those allegations.

81.   For an answer to paragraph 81 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 81 of the Second Amended Complaint, and on that basis deny those allegations.

82.   For an answer to paragraph 82 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 82 of the Second Amended Complaint, and on that basis deny those allegations.

83.   For an answer to paragraph 83 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 83 of the Second Amended Complaint, and on that basis deny those allegations.

84.   For an answer to paragraph 84 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 84 of the Second Amended Complaint, and on that basis deny those allegations.

85.   For an answer to paragraph 85 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 85 of the Second Amended Complaint, and on that basis deny those allegations.

86.   For an answer to paragraph 86 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny that Shoemake raped Plaintiff.   Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the remaining allegations in paragraph 86 of the Second Amended Complaint, and on that basis deny those allegations.

87.   For an answer to paragraph 87 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 87 of the Second Amended Complaint, and on that basis deny those allegations.

### SIXTH CAUSE OF ACTION

**(Negligence, Negligence per se, CAL. GOV'T CODE §§ 820.8; 844.6(d))**

**(Booth v. Garcia)**

88.   Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 87 inclusive, by reference herein.

89.   For an answer to paragraph 89 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny

13

the allegations in paragraph 89 of the Second Amended Complaint, and on that basis deny those allegations.

90.     For an answer to paragraph 90 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 90 of the Second Amended Complaint, and on that basis deny those allegations.

91.     For an answer to paragraph 91 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 91 of the Second Amended Complaint, and on that basis deny those allegations.

92.     For an answer to paragraph 92 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 92 of the Second Amended Complaint, and on that basis deny those allegations.

93.     For an answer to paragraph 93 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 93 of the Second Amended Complaint, and on that basis deny those allegations.

94.     For an answer to paragraph 94 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 94 of the Second Amended Complaint, and on that basis deny those allegations.

95.     For an answer to paragraph 95 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny that Shoemake raped Plaintiff.   Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the remaining allegations in paragraph 95 of the Second Amended Complaint, and on that basis deny those allegations.

//

14

96.    For an answer to paragraph 96 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 96 of the Second Amended Complaint, and on that basis deny those allegations.

## SEVENTH CAUSE OF ACTION

### (Negligence, Negligence per se, CAL. GOV'T CODE §§ 820.8; 844.6(d))

### (Booth v. Cobb, Raupe)

97.    Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 97 inclusive, by reference herein.

98.    For an answer to paragraph 98 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 98 of the Second Amended Complaint, and on that basis deny those allegations.

99.    For an answer to paragraph 99 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 99 of the Second Amended Complaint, and on that basis deny those allegations.

100.    For an answer to paragraph 100 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 100 of the Second Amended Complaint, and on that basis deny those allegations.

101.    For an answer to paragraph 101 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 101 of the Second Amended Complaint, and on that basis deny those allegations.

102.    For an answer to paragraph 102 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny

//

1   the allegations in paragraph 102 of the Second Amended Complaint, and on that basis deny those
2   allegations.

3       103.  For an answer to paragraph 103 of the Second Amended Complaint, Defendants
4   Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny
5   the allegations in paragraph 103 of the Second Amended Complaint, and on that basis deny those
6   allegations.

7       104.  For an answer to paragraph 104 of the Second Amended Complaint, Defendants
8   Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny
9   the allegations in paragraph 104 of the Second Amended Complaint, and on that basis deny those
10  allegations.

11      105.  For an answer to paragraph 105 of the Second Amended Complaint, Defendants
12  Neotti, Armstead, and Bolding deny that Shoemake raped Plaintiff.  Defendants Neotti,
13  Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the
14  remaining allegations in paragraph 105 of the Second Amended Complaint, and on that basis
15  deny those allegations.

16      106.  For an answer to paragraph 106 of the Second Amended Complaint, Defendants
17  Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny
18  the allegations in paragraph 106 of the Second Amended Complaint, and on that basis deny those
19  allegations.

**EIGHTH CAUSE OF ACTION**

**(Negligence, Negligence per se, CAL. GOV'T CODE §§ 820.8; 844.6(d))**

**(Booth v. Armstead and Bolding)**

23      107.  Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in
24  paragraphs 1 through 107 inclusive, by reference herein.

25      108.  For an answer to paragraph 108 of the Second Amended Complaint, Defendants
26  Neotti, Armstead, and Bolding deny the allegations in paragraph 108 of the Second Amended
27  Complaint.

28  //

109.  For an answer to paragraph 109 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding admit that Defendants Armstead and Bolding, as correctional officers had the ability and authority to take action to protect inmates from obvious and foreseeable risks to the inmate of which they were aware.  Defendants Neotti, Armstead, and Bolding deny the remaining allegations in paragraph 109 of the Second Amended Complaint.

110.  For an answer to paragraph 110 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 110 of the Second Amended Complaint.

111.  For an answer to paragraph 111 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 111 of the Second Amended Complaint.

112.  For an answer to paragraph 112 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 112 of the Second Amended Complaint.

113.  For an answer to paragraph 113 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 113 of the Second Amended Complaint.

## NINTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Booth v. Defendants Neotti, Cota, Kabban-Miller, Pittman, Garcia, Cobb, Raupe, Armstead and Bolding)

114.  Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 113 inclusive, by reference herein.

115.  For an answer to paragraph 115 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 115 of the Second Amended Complaint.

//

//

17

116.  For an answer to paragraph 116 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 116 of the Second Amended Complaint.

117.  For an answer to paragraph 117 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 117 of the Second Amended Complaint, and on that basis deny those allegations.

118.  For an answer to paragraph 118 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding lack sufficient information or belief upon which to admit or deny the allegations in paragraph 118 of the Second Amended Complaint, and on that basis deny those allegations.

119.  For an answer to paragraph 119 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 119 of the Second Amended Complaint.

120.  For an answer to paragraph 120 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 120 of the Second Amended Complaint.

121.  For an answer to paragraph 121 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 121 of the Second Amended Complaint.

122.  For an answer to paragraph 122 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 122 of the Second Amended Complaint.

**NINTH CAUSE OF ACTION [sic]**

**(Punitive damages, CAL. CIV. CODE § 3294)**

**(Booth v. Armstead, Bolding)**

123.  Defendants Neotti, Armstead, and Bolding restate and reincorporate their answers in paragraphs 1 through 123 inclusive, by reference herein.

18

124.   For an answer to paragraph 124 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 124 of the Second Amended Complaint.

125.   For an answer to paragraph 125 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 125 of the Second Amended Complaint.

126.   For an answer to paragraph 126 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 126 of the Second Amended Complaint.

127.   For an answer to paragraph 127 of the Second Amended Complaint, Defendants Neotti, Armstead, and Bolding deny the allegations in paragraph 127 of the Second Amended Complaint.

**VII.**

**PLAINTIFF'S PRAYER FOR RELIEF**

128.   Defendants deny the request and allegations in paragraph 1 of Plaintiff's Prayer for Relief.

129.   Defendants deny the request and allegations in paragraph 2 of Plaintiff's Prayer for Relief.

130.   Defendants deny that Plaintiff is entitled to general and special damages against Defendants as requested in paragraph 3 of Plaintiff's Prayer for Relief.

131.   Defendants deny that Plaintiff is entitled to punitive damages against Defendants as requested in paragraph 4 of Plaintiff's Prayer for Relief.

132.   Defendants deny that Plaintiff is entitled to costs of suit as requested in paragraph 5 of Plaintiff's Prayer for Relief.

//

//

//

//

19

**AFFIRMATIVE DEFENSES**

**AS SEPARATE AND AFFIRMATIVE DEFENSES**, Defendants assert the following affirmative defenses:

**First Affirmative Defense**

**(Failure to State Claim)**

133.  The Second Amended Complaint fails to state any claim upon which relief can be granted.

**Second Affirmative Defense**

**(Failure of Proof)**

134.  Plaintiff has failed to meet his burden of proving each of the required elements of all claims asserted against Defendants.

**Third Affirmative Defense**

**(Failure to Exhaust Administrative Remedies)**

135.  The claims against one or more Defendants is barred by 42 U.S.C. § 1997e(a), in that Plaintiff failed to exhaust administrative remedies as to the Defendants or claims asserted in this action.

**Fourth Affirmative Defense**

**(Qualified Immunity)**

136.  Defendants are entitled to qualified immunity because there can be no constitutional violation based on the facts alleged or presented, and because Defendants' conduct did not violate clearly established law.  At all relevant times, Defendants acted within their scope of discretion, with due care, with a good-faith fulfillment of responsibilities pursuant to applicable statutes, rules, regulations, and practices, and with the good-faith belief that their actions comported with all applicable federal and state laws.

**Fifth Affirmative Defense**

**(Privilege)**

137.  Plaintiff's claims are barred because Defendants' actions were privileged under the circumstances.

**Sixth Affirmative Defense**

**(Justification)**

138.  Plaintiff's claims are barred because Defendants' actions were reasonable and justified under the circumstances.

**Seventh Affirmative Defense**

**(Good Faith)**

139.  Plaintiff's claims are barred because Defendants' actions were at all times performed in a good-faith effort to comply with established California Department of Corrections and Rehabilitations policies and procedures.

**Eighth Affirmative Defense**

**(Failure to Mitigate)**

140.  Plaintiff's claims for damages are barred, or should be reduced, because Plaintiff failed to exercise reasonable diligence and/or behavior to mitigate the nature and extent of his claims and alleged injuries.

**Ninth Affirmative Defense**

**(Damages)**

141.  Plaintiff fails to allege facts sufficient to state a claim for compensatory or punitive damages for any action taken by Defendants in their individual capacities.

**Tenth Affirmative Defense**

**(Rights, Privileges, Immunities)**

142.  Defendants deny Plaintiff has been deprived of any rights, privileges, or immunities guaranteed by the laws of the United States or by the laws of the State of California.

**Eleventh Affirmative Defense**

**(Collateral Estoppel/Res Judicata)**

143.  Defendants assert this action may be subject to the doctrine of collateral estoppel or res judicata due to the pendency of any related state court proceedings arising from the same incidents and/or due to any duplicated federal claims.

//

**Twelfth Affirmative Defense**

**(Legitimate Penological Goals)**

144.  Defendants' actions were reasonably related to advance legitimate penological goals.

**Thirteenth Affirmative Defense**

**(No Vicarious Liability)**

145.  To the extent Defendants' alleged liability is based on their supervising capacities, they are not liable for damages under any doctrine of vicarious liability.

**Fourteenth Affirmative Defense**

**(No Recovery for Mental or Emotional Injury)**

146.  Plaintiff is barred by 42 U.S.C. § 1997e(e) from recovering damages for mental or emotional injury.

**Fifteenth Affirmative Defense**

**(Liability for Contributory Conduct)**

147.  Plaintiff's injuries or damages were the result of his own negligent or deliberate actions.

**Sixteenth Affirmative Defense**

**(Reasonableness)**

148.  Defendants acted reasonably under the circumstances.

**Seventeenth Affirmative Defense**

**(Foreseeability)**

149.  The alleged harm inflicted upon plaintiff by his cellmate was not foreseeable to the Defendants.

**Eighteenth Affirmative Defense**

**(Professional Negligence)**

150.  Plaintiff fails to allege facts to support a claim for professional negligence against Defendants.

//

//

22

**Nineteenth Affirmative Defense**

**(Eleventh Amendment Immunity)**

151.  Defendants are immune from suit for actions taken in their official capacities under the Eleventh Amendment to the United States Constitution.

**Twentith Affirmative Defense**

**(Reservation of Right to Assert Additional Defenses)**

152.  Because the Second Amended Complaint is couched in conclusory terms, answering Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial before a jury on all issues presented by the Second Amended Complaint triable to a jury.

WHEREFORE, Defendants pray that:

1   Judgment be rendered in favor of Defendants and against Plaintiff;

2.   Plaintiff takes nothing by the Second Amended Complaint;

3.   Defendants be awarded costs of suit and attorneys' fees incurred herein; and

4.   Defendants be awarded such other and further relief as the Court may deem necessary and proper.

Dated:  May 1, 2012                          Respectfully Submitted,

                                             KAMALA D. HARRIS
                                             Attorney General of California
                                             MICHELLE DES JARDINS
                                             Supervising Deputy Attorney General


                                             s/ Terrence F. Sheehy

                                             TERRENCE F. SHEEHY
                                             Deputy Attorney General
                                             *Attorneys for Defendants*
                                             *T. Armstead, G. Neotti, and R. Bolding*

TFS:mmb
SD2010701837
80636652.doc

23

# CERTIFICATE OF SERVICE

Case Name:   **Michael J. Booth v. G. Neotti, et al.**        No.   **10-CV-01236-WQH-NLS**

I hereby certify that on <u>May 1, 2012</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### ANSWER TO THE SECOND AMENDED COMPLAINT AND JURY DEMAND

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>May 1, 2012</u>, at San Diego, California.

<table>
<tr><td>M. Broadway<br>Declarant</td><td>Signature</td></tr>
</table>

80638317.doc